CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY v. DORA M. DOWHOWER.

FILED OCTOBER 5, 1905. No. 13,924.

1. **Railroads: CROSSINGS: FENCING.** A railroad company is not required to fence its right of way across a public highway whether such highway is established by legal authority or by adverse user for the statutory time.

2. **Evidence** examined, and *held* not to show negligence in the operation of a train.

ERROR to the district court for Valley county: JOHN R. HANNA, JUDGE. *Reversed.*

*A. M. Robbins, J. W. Deweese* and *Frank E. Bishop,* **for** plaintiff in error.

*Victor O. Johnson, contra.*

DUFFIE, C.

Dora Dowhower sued the Chicago, Burlington & Quincy Railroad Company to recover the value of two cows killed by the engine of a train running between Ord and Burwell. The plaintiff is the owner of 80 acres of land, through which the railroad track runs in a northwesterly and southeasterly direction, crossing the north line of her 80 acre tract a short distance east of its northwest corner. There is a public road on the west side of this 80 acre tract, and a traveled road on the north line of the 80, which crosses the right of way and tracks of the railroad company adjacent to the plaintiff's land. It is upon this road on the north side of the land where the cows were struck and killed by a freight train running northwest against a snow storm and heavy wind on the evening of December 2, 1902. The plaintiff seeks to recover upon two grounds: First, that the place where the cows were killed is not a public road, and the railroad company neglected to build a fence along its right of way at that point; and, second, that the engineer in charge of the engine was negligent in not using diligence to discover the cows in time to bring his engine to a stop before reaching them.

A careful reading of the evidence contained in the bill of exceptions convinces us that neither of these contentions can be sustained. While it is true that there is no public record of an established highway along the north line of the 80 acre tract owned by the plaintiff below, the evidence is uncontradicted that at the time of the construction of the railroad and since its construction a road has been maintained and traveled at this place. The railroad company undoubtedly thought that a public highway had been established along the north line of this 80, and

constructed a cattle guard on the south side of such publicly traveled road. There is no conflict in the evidence that for 12 years or more this road has been maintained and traveled, and, if not regularly laid out by the county authorities, it has become by user a public highway. In *Roberts v. Quincy, O. & K. C. R. Co.* 43 Mo. App. 287, it is said:

"The statutory obligation of a railroad to fence the road does not extend to crossing of highways, whether *de jure* or *de facto*. *Held,* accordingly, in an action for the killing of stock, predicated on the failure of the railroad company to fence where its road crossed a highway, that it was immaterial whether the highway was maintained by work under a road overseer or not."

And in *Soward v. Chicago & N. W. R. Co.,* 33 Ia. 386, the court said:

"Shall we now so construe the statute requiring railroad companies to fence their roads, as to compel them to fence across these highways thus laid, which are not highways *de jure,* but only highways *de facto?* The statement of the question begets its own negation."

It is clear, therefore, that a public highway existed at the point where the cows were killed, and the railroad company was not required to fence its right of way at that point. The evidence is also conclusive that the employees in charge of the engine used all reasonable diligence to discover obstructions on the track and to halt the train as soon as danger to the cows was discovered. The record is clear that there was no negligence on the part of the company or its employees which caused the injury complained of, and we recommend that the judgment of the district court be reversed and the cause remanded.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded.

REVERSED.